**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| PENGEMS, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 1:17-cv-1018-LY |
| | § | |
| SHANNON MORGAN d/b/a | § | |
| COUTURE PENS, | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

The Motion to Dismiss filed by Defendant Couture Pens is wholly lacking in factual and legal support and should therefore be denied. Defendant confuses the liberal pleading standards of the Federal Rules with the test for proving infringement. Defendant's Motion attempts to argue the factual issue of whether a likelihood of confusion exists between Defendant's product and Plaintiff's product instead of identifying any deficiency in Plaintiff's pleading.

Plaintiff's Complaint (Dkt. 1) properly pleads five counts of federal and state trademark infringement, unfair competition, and unjust enrichment. Plaintiff's Complaint is properly supported by numerous factual allegations of Defendant's infringing conduct, thus no dismissal is warranted. Importantly, Plaintiff is not alleging infringement of only its registered trade dress, but also of its common law trade dress rights. (Dkt. 1, ¶ 9, 30). Plaintiff's common law trade dress rights are not limited to the description in Plaintiff's registration and for this reason alone, Defendant's motion should be denied.

I.    **APPLICABLE LAW**

   A.    **Motion to Dismiss Requires Only a "Short and Plain Statement"**

   Under Fed. R. Civ. Pro. 8(a)(2), a complaint only needs: "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is sufficient that the complaint provide "fair notice" of the claim and its grounds. *Id.* To do this, the plaintiff need only plead enough facts to state a plausible claim for relief. *Id.* at 570. In deciding a motion to dismiss, the Court must accept all facts alleged in the complaint to be true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).

II.    **ANALYSIS**

   Defendant makes two arguments[1] to support its Motion: (1) that the Complaint fails to allege use of the trade dress; and (2) the Complaint fails to allege use in commerce. Defendant fails on both counts.

   A.    **The Complaint Properly Alleges That Defendant Uses Plaintiff's Registered Trade Dress**

   The Complaint properly pleads that Defendant improperly and without permission used and continues to use Plaintiff's registered trade dress in violation of the Lanham Act. (Dkt. 1, ¶¶ 37-58). The elements of a properly pleaded trademark infringement claim, under both §1114 and §1125 of the Lanham Act, are 1) ownership of a valid trademark entitled to protection; and 2) that the defendant's use of that mark is likely to cause confusion. *Juicy Couture v. Bella Intern. Ltd.*, 930 F. Supp. 2d, 489, 498 (S.D.N.Y. 2013).   Evidence of a registration for the mark constitutes prima facie evidence that the mark is registered and valid, that the registrant owns the

---

[1] The Motion also cites various cases regarding the specificity required in alleging trade dress protection, Motion at 10–11, but does not actually argue PenGems failed to provide that specificity, Motion at 11–13. Instead, the Motion only argues that a "gem on the top" is required. Motion at 12.

mark, and that the registrant has the exclusive right to use the mark in commerce. *Vox Amplification Ltd. V. Meussdorffer*, 50 F. Supp. 3d 355, *372 (E.D. N.Y. 2014).

1.     Prosecution History Estoppel Does Not Apply to Trademarks

Defendant's claim that Plaintiff has failed to allege use of Plaintiff's trade dress improperly imports the patent law concept of prosecution history estoppel into the trademark context. Trademarks are different than patents in that they are dynamic and can gain or lose strength over time. *Davis v. Lost Int'l, LLC*, 2013 U.S. Dist. LEXIS 199179, *14-15 (C.D. Cal. Apr. 8, 2013) (stating that prosecution history estoppel has no place in trademark law, and even if statements to the PTO were considered as persuasive evidence, it is inappropriate to weigh that evidence at the motion to dismiss stage).

Courts and the PTO have repeatedly held that the doctrine of prosecution history estoppel is inapplicable to trademarks. *See, e.g.*, *Pepsico, Inc. v. Jay Pirincci*, 2014 TTAB LEXIS 141, *32, n.19 (TTAB 2014) ("As we have noted in other contexts, we do not apply the patent-law doctrine of file wrapper or prosecution history estoppel."); *Giant Food, Inc. v. Standard Terry Mills, Inc.*, 1986 TTAB LEXIS 96, *13 (TTAB 1986); *Davis*, 2013 U.S. Dist. LEXIS 199179 at *15; Envia Corp. v. Global Water Solutions, Inc., 440 F. Supp. 2d 1042, 1049 (D. Minn. 2006) (permitting registrant to put forth arguments contrary to those presented to the USPTO in response to an adverse office action). *See also* McCarthy on Trademarks § 32:111 ("No File Wrapper Estoppel in Trademark Law"); Trademark Manual of Examining Procedure § 1213.11 ("Acquiring Rights in Disclaimed Matter") (October 2017).

The case of *Polo Fashions, Inc. v. Extra Special Prods.*, 451 F. Supp. 555, 560-561 (S.D.N.Y. 1978) is instructive. There, the defendant claimed that the Plaintiff, Polo Fashions, made an admission during the prosecution of its trademark that only a specific combination of elements would be likely to cause confusion. *Polo*, 451 F. Supp. at 561. The Court described this

argument as "specious" and held that Polo Fashion's statements were not binding admissions and inapplicable to other products and trademarks. *Id*. ("[S]tatements made during an *ex parte* prosecution before the United States and Trademark Office seeking registration of a trademark do not circumscribe for all time the rights the registrant may acquire thereafter through extensive use.") *See also CNB Fin. Corp. v. CNB Cmty Bank (IO)*, 2004 U.S. Dist. LEXIS 21483, *27-28 (W.D. Pa. Sept. 30, 2004).

        2.    <u>The Complaint Properly Alleges Facts to Support Use of the Trade Dress</u>

Because federal trademark law requires only an assertion of a likelihood of confusion, and not that the infringing use is identical, Defendant's Motion should be denied. *Country Floors, Inc. v. Gepner*, 930 F.2d 1056, 1063 (3d Cir. 1991). Plaintiff's Complaint identifies sufficient facts that support an allegation that Defendant has infringed its trade dress by using the mark. For example, the Complaint explicitly pleads the "use of confusingly similar marks" by Defendant (Dkt. 1, ¶¶ 60–64), and makes numerous allegations of "confusion" in the marketplace between the parties' products. (*id*., ¶¶ 5, 7–9, 60, 68, 71–72). Indeed, Plaintiff alleges that Defendant was advertising for sale "pens that looked almost identical to PenGems' pens." (*id*., ¶ 45). The Complaint further states that "Defendant intentionally copied almost every aspect of Plaintiff's pens, down to the smallest details, without authorization from Plaintiff." (*id*., ¶ 54).

To further support its factual allegations, Plaintiff included pictures of the products for comparison.  A color picture of a PenGem pen appears at Paragraph 28 in the Complaint and the drawing and description of the registered trade dress from the trademark registration certificate appears at Paragraph 29. The Complaint also references the infringing pens at Paragraph 45 and includes pictures of the infringing pens in Exhibit C.

**B.     The Complaint Properly Alleges the Sale of Infringing Goods**

Plaintiff has made claims of infringement under separate sections of the Lanham Act, specifically infringement pursuant to 15 U.S.C. § 1114(1)(a) and infringement pursuant to 15 U.S.C. § 1125(a). (Dkt. 1, Count I and Count II).

Infringement under § 1114(1)(a) of a registered trademark occurs "in connection with the sale, offering for sale, distribution, *or advertising* of any goods or services on or in connection with" the accused product. 15 U.S.C. § 1114(1)(a) (emphasis added). *See also* 15 U.S.C. § 1114(1)(b) ("sale, offering for sale, distribution, *or advertising*" (emphasis added)). Therefore, because "advertising" alone is actionable, Plaintiff does not even need to allege that Defendant sold products to maintain a claim under § 1114(1)(a).

A claim of infringement (unfair competition) under § 1125(a) requires the defendant to have used the mark in commerce. 15 U.S.C. § 1125(a). However, Defendant misinterprets the cases and law because the prominent use of the mark in close association with goods being advertised for sale, including on the internet, satisfies the use in commerce requirement because of the "point of sale" nature of the display. *Menashe v. V. Secret Catalogue, Inc.*, 409 F. Supp. 2d 412, 424 (S.D.N.Y. 2006).

Defendant's cases do not support a contrary position.  Defendant cites to *Central Mfg., Inc. v. Brett*, 492 F.3d 876 (7th Cir. 2007) for the proposition that "mere advertising" is insufficient to show that the goods are used in commerce.  First, the analysis of use in commerce in that case is inapplicable to this case because the court was evaluating whether the plaintiff was a senior or junior user. *See Central Mfg.*, 493 F.3d at 883 (requiring evidence of actual sales because "there is absolutely nothing in the record upon which any reasonable person could conclude that Central and its predecessors actually sold "Stealth" baseballs prior to Brett Brothers first use of the mark in 1999"). Second, Plaintiff has not just alleged "mere advertising"

but rather that Defendant has advertised for sale goods bearing the mark on a website, meaning in connection with a "point of sale."

Defendant next cites to *Clearline Techs., Ltd. v. Cooper B-Line*, 2012 U.S. Dist. LEXIS 2116, *16-18 (S.D. Tex. Jan. 9, 2012) to assert that an allegation of sale is required. Defendant's citation to *Clearline* is an incorrect interpretation of the holding. The court in *Clearline* cites to and adopts the standard articulated in *Menash*, that "use of a mark or protected trade dress in a website or catalog with a picture and description of the product constitutes a display associated with goods and not mere advertising because of the 'point of sale' nature of the display." *Clearline*, 2012 U.S. Dist. LEXIS at *17. The pleadings in *Clearline* were insufficient because there were no allegations at all about the sale of infringing goods and no allegations that advertisements on a website were advertisements for sale. *Id.*

Plaintiff has sufficiently alleged that Defendant sold infringing goods. (Dkt. 1, ¶ 20 ("... Defendant is committing the tort of willful trademark infringement in Texas by advertising and *selling* goods ..." (emphasis added)); *see also* ¶ 38 ("Defendant *sells* products on Facebook" (emphasis added)).) Paragraph 51 of the Complaint alleges that Defendant communicated to Plaintiff "her intent to *continue with the sale* of infringing pens." (*Id.*, ¶ 51) (emphasis added). The Complaint also alleges that Defendant has advertised infringing pens *for sale* on multiple websites. (*Id.*, ¶¶45-47). These allegations are sufficient to put Defendant on notice of its infringing activities and factual allegations of specific sales are not required.

However, should the Court disagree and require factual evidence of specific sales, Plaintiff can provide such evidence as seen in Exhibit 1.

### C.      Leave to Amend Should Be Freely Granted

A plaintiff may amend its complaint with leave from the Court, which must be granted when justice requires. Fed. R. Civ. Pro. 15(a)(2). Rule 15 is biased in favor of granting leave to

amend, and "substantial reason" is required to deny a request. *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). In considering granting leave to amend, 5th Circuit courts consider: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.*

Defendant identifies only two alleged deficiencies in the Complaint. But as discussed above, Plaintiff has provided sufficient factual allegations to support its requests for relief. If this Court disagrees, PenGems can prepare additional factual allegations and evidence for inclusion in an amended complaint.

In considering whether to allow an amended complaint, courts in the Fifth Circuit consider: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *SGIC*, 839 F.3d at 428.

No "undue delay" exists, as FRCP 15(a)(1) would allow Plaintiff to amend today "as a matter of course" in response to Defendant's Motion. Plaintiff disagrees that such amendment is necessary, but is prepared to promptly amend, if required by the Court. There is no "bad faith or dilatory motive" here, and Defendant has alleged none. There is no "repeated failure to cure," as there have been no prior attempts to amend the Complaint. There is no "undue prejudice" to Defendant, and Defendant has not identified any.

Instead, Defendant appears to only allege "futility" as a reason not to allow amendment. Motion at 4. As discussed above, Plaintiff can easily amend the Complaint to allege more specificity regarding the sale of the infringing products—though the present allegations are

enough. Plaintiff can also allege more details about the similarity of the infringing products—though the present allegations are enough.

## III.   <u>CONCLUSION</u>

This Court should deny Defendant's Motion, as the Complaint adequately pleads Plaintiff's claims for relief. In the alternative, this Court should allow Plaintiff to file an amended complaint to correct the alleged deficiencies.

DATED: March 1, 2018.

/s/Charles J. Rogers
Darlene Ghavimi
Texas Bar No. 24072114
dghavimi@conleyrose.com
CONLEY ROSE, P.C.
13413 Galleria Circle, Suite 100
Austin, Texas 78738
(512) 610-3410

Charles J. Rogers
Texas Bar No. 00786205
crogers@conleyrose.com
CONLEY ROSE, P.C.
575 N. Dairy Ashford Road, Suite 1102
Houston, Texas 77079
(713)238-8000

*Attorneys for Plaintiff*
*PenGems, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 1, 2018, I electronically filed the foregoing

motion with the Clerk of Court using the CM/ECF system, which will send notification of this

filing to the attorneys of record who are Filing Users of the Court's Electronic Filing System.


/s/Charles J. Rogers
Charles J. Rogers